O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER CROOK, | ) NO. EDCV 14-1985-JVS (MAN) |
| Plaintiff, | ) MEMORANDUM AND ORDER RE: MOTION |
| v. | ) TO DISMISS PURSUANT TO FED. R. CIV. P. |
| SAN BERNARDINO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, et al, | ) 8(a) AND 41(b) |
| Defendants. | ) |

On September 24, 2014, Jasper Crook ("plaintiff"), proceeding *pro se,* filed a civil rights complaint under 42 U.S.C. § 1983 ("Complaint"). Plaintiff named the following defendants: San Bernardino County Department of Child Support Services (sued as "State of California San Bernardino County Department of Child Support Services for San Bernardino"); Dana Nicole Thibedeaux; Connie Brunn; Randall Dancer; Gabriel Mendez; Angela Calderon; Ingrid Peach; Armando Perez; and Does 1 through 10.

On October 16, 2014, the County of Bernardino ("County"), Connie Brunn, Randall Dancer, Gabriel Mendez, Angela Calderon, and Armando Perez (collectively "County Defendants") filed a motion to dismiss pursuant to Rules 8(a) and 41(b) of the Federal Rules of Civil Procedure ("Motion"). On October 17, 2014, the Court vacated the hearing date on the Motion and set a

1  briefing schedule.  On October 28, 2014, plaintiff filed an Opposition to the Motion.  On November
2  10, 2014, the County Defendants filed a Reply.

3

4       The Motion is submitted and ready for decision.

5

6  **THE ALLEGATIONS OF THE COMPLAINT**

7

8       Plaintiff and defendant Dana Thibedeaux are the parents of a child.  (Complaint at 3-6.)
9  The other individual defendants all have some connection with the San Bernardino County
10  Department of Child Support Services ("DCSS"), although plaintiff does not describe their titles
11  or responsibilities.   (*Id.* at 3.)  This action stems from DCSS's enforcement of plaintiff's child
12  support obligations.  The underlying facts, however, are murky.

13

14       Plaintiff complains that, in 1996, his driver's license was suspended for nonpayment of child
15  support despite lack of evidence of paternity. (Complaint at 3-4.)  He does not allege whether the
16  suspension is ongoing.  He further alleges that unnamed DCSS agents, working together with
17  Thibedeaux, forced him to sign a contact under duress.  The DCSS agents misrepresented the
18  nature of the contract and failed to disclose critical provisions regarding visitation and means of
19  payment.  For instance, plaintiff never agreed to bank levies or credit liens as means of collecting
20  child support payments.  (*Id.* at 4.)  Plaintiff does not allege when the contract was signed, but
21  complains that Thibedeaux breached it in some unspecified manner a week later, and DCSS
22  refused to enforce it against her.  (*Id.* at 4-5.)  He also contends that DCSS fraudulently billed him
23  for "months and years" when Thibedeaux did not have physical custody of the child.  (*Id.* at 5.)

24

25       Plaintiff alleges that he notified defendants Perez and Peach that Thibedeaux was
26  fraudulently collecting welfare payments under multiple identities, but they refused to act against
27  her. (Complaint at 6.)  DCSS also violated plaintiff's equal protection rights when Doe 2 appeared
28  in court on behalf of Thibedeaux, but refused to represent plaintiff due to his gender.  (*Id.*)

2

1    Plaintiff contends that the County Defendants have violated due process by searching his
2    financial records and taking his property without a prior hearing.  (Complaint at 6.)  They have
3    repeatedly seized funds from various sources to collect on what plaintiff contends is a fraudulent,
4    unverified debt.  (*Id*. at 6-7.)  Plaintiff alleges that DCSS has collected approximately $20,000 from
5    him to date.  (*Id*. at 7.)

6

7    Plaintiff also complains that DCSS exposed his child to undue influences outside of his
8    religious beliefs.  (Complaint at 7.)

9

10    Plaintiff contends that defendants' invasion of his private effects and seizure of his money,
11    as well as their "interference of [*sic*] religious practices with [*sic*] his child," have caused him
12    various injuries, including emotional distress, financial damage, loss of employment opportunities,
13    defamation to his financial reputation, and collateral injuries to his family.  (Complaint at 7-8.)
14    He asserts claims against defendants for:  (1) violations of the First, Fourth, Fifth, and Fourteenth
15    Amendments, including deprivation of due process and equal protection; (2) violations of 42
16    U.S.C. § 1983, 1985(3) & 1986, 5 U.S.C. §§ 702 & 706, 31 U.S.C. § 3729(b)&(c), 28 U.S.C. §
17    1361, 15 U.S.C. § 1673, and 42 U.S.C. § 602; (3) discrimination (gender bias), coercion to enter
18    a contract, undue influence (contract), misrepresentation of contract, breach of contract, failure
19    to disclose vital parts of a contract, failure/refusal to perform obligated duties due to gender,
20    fraud, negligence, violation of Fair Credit Reporting Act, deprivation of the right of rescission of
21    a contract, extortion of payments, and fraudulent representation of jurisdiction/authority.
22    (Complaint at 2.)

23

24    Plaintiff seeks:  (1) an order under 28 U.S.C. § 1361 to compel "financial enforcement" on
25    Thibedeaux; (2) removal of all negative credit reports that were based on reports received from
26    DCSS; and (3) damages.  (Complaint at 8-9.)

27

28

1

**DISCUSSION**

2

3    **I.     THE COMPLAINT FAILS TO COMPLY WITH RULE 8(a) OF THE FEDERAL RULES OF**

4            **CIVIL PROCEDURE.**

5

6            Defendants contend that the Complaint violates Rule 8(a) of the Federal Rules of Civil

7    Procedure.  They argue that the Complaint is unintelligible and does not apprise them of the

8    nature of plaintiff's claims against them.  (Motion at 5-7.)

9

10           Rule 8(a)(2) of the Federal Rules of Civil Procedure mandates that a complaint must

11   provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

12   Under Rule 8(a), the plaintiff must plead each claim with sufficient specificity to give the

13   defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp.

14   v. Twombly, 127 S. Ct. 1955, 1964 (2007).  "[T]he pleading standard Rule 8 announces does not

15   require detailed factual allegations, but it demands more than an unadorned, the defendant-

16   unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  A complaint

17   violates Rule 8(a) when it fails to provide the defendants with fair notice of the wrongs they have

18   allegedly committed.  *See* McHenry v. Renne, 84 F.3d 1172, 1175 (9th Cir. 1996) (affirming

19   dismissal of complaint under Rule 8(a) when court could not "determine from the complaint who

20   is being sued, for what relief, and on what theory, with enough detail to guide discovery");

21   *contrast* Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1129 (9th Cir. 2008) (complaint

22   did not violate Rule 8(a) when it was intelligible and clearly delineated plaintiff's claims and the

23   defendants against whom the claims were made).  Although pleadings filed by *pro se* plaintiff are

24   liberally construed, they must still "meet some minimum threshold in providing a defendant with

25   notice of what it is that it allegedly did wrong." Brazil v. United States Dept. of Navy, 66 F.3d 193,

26   199 (9th Cir. 1995).

27

28           Moreover, the propriety of a dismissal for failure to comply with Rule 8 does not depend

1   on whether the complaint is wholly without merit.  McHenry, 84 F.3d at 1179 (Rule 8 "applies to

2   good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)").  When the

3   factual elements of a cause of action are present in the complaint, but they are factually scattered

4   throughout the complaint and not organized into a "short and plain statement of the claim," the

5   complaint may be dismissed for failure to satisfy Rule 8(a).  Sparling v. Hoffman Constr. Co., 864

6   F.2d 635, 640 (9th Cir. 1988).

7

8        Even liberally construed, plaintiff's Complaint falls short of the Rule 8(a) standards.  First,

9   plaintiff does not sufficiently identify the federal claims he is asserting.  Although he cites several

10  constitutional provisions and numerous federal statutes, he does not link his factual allegations

11  to the constitutional provisions and federal statutes purportedly violated by defendants.  The Court

12  gleans from the Complaint that plaintiff is unhappy about the amount of child support collected

13  from him, and he believes DCSS should not be garnishing his income to satisfy what he believes

14  are unfair child support obligations.  The Complaint, however, fails to set forth *how* defendants'

15  enforcement of plaintiff's child support obligations violated the constitutional amendments and

16  statutes he cites.  Although Rule 8(a) does not require "an exposition of [plaintiff]'s legal

17  argument," Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011), the allegations must be sufficient

18  to give defendants notice of what the claims are and the grounds upon which they rest.  *See*

19  Twombly, 127 S. Ct. at 1964.  Here, the Complaint does not even apprise defendants of how many

20  claims plaintiff is asserting, much less of the nature of each claim.

21

22       For instance, it is unclear whether plaintiff is asserting any federal or state claim based on

23  the 1996 suspension of his driver's license, and if so, what that claim is.  (Complaint at 3-4.)

24  Plaintiff also does not allege the age and custody status of the child on whose behalf DCSS

25  collected child support or, indeed, whether the child is still a minor.  Moreover, while a number

26  of plaintiff's state law claims relate to a contract that he signed, he does not set forth whether he

27  is asserting any federal claims based on the contract, and if so, how defendants' acts with respect

28  to the contract violated the Constitution or federal law.  Plaintiff also does not describe the nature

1    of the contract, when it was entered into, who the parties to the contract were, and the

2    relationship of the contract to his child support payments.  (*Id.* at 4-5.)

3

4           Since plaintiff's child support obligations presumably arise from court proceedings, some

5    of his claims may be barred by the *Rooker-Feldman*[1] doctrine, which provides that a federal court

6    may not exercise jurisdiction over a suit that constitutes a de facto appeal from a state court

7    judgment.  Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013); *see* Bobo v. Tulare County,

8    2014 WL 4243785, at *1-*2 (D. Or., Aug. 26, 2014) (*Rooker-Feldman* barred claims for damages

9    related to garnishment of wages and unemployment and disability benefits for child support);

10   Marcussen v. Sebelius, 2013 WL 526491, at *2 (D. Ariz., Feb. 12, 2013) (*Rooker-Feldman* barred

11   claims challenging constitutionality of child support order under federally mandated child support

12   program).  Plaintiff's failure to specify the nature of his claims with sufficient clarity precludes a

13   determination of the extent to which this Court may exercise jurisdiction over this action.  *See*

14   Fed. R. Civ. P. 8(a)(1).

15

16          Plaintiff's First Amendment claim appears to arise under the free exercise of religion clause.

17   Plaintiff contends that his child -- presumably the child on whose behalf DCSS is collecting child

18   support  -- was exposed to religious influences outside his religious beliefs.  (Complaint at 7.)

19   Plaintiff, however, has not alleged the facts underlying his First Amendment claim.  He has not

20   alleged:  what these religious influences were; by whom and in what manner the child was

21   exposed to them; when the child was exposed to them; and whether it was done with the consent

22   of the child's mother.  Plaintiff must also specify against which defendants he is asserting his First

23   Amendment claim.

24

25          The factual allegations underlying plaintiff's equal protection claim are similarly deficient.

26

27   _____

28          [1]      Rooker v. Fidelity Trust Co., 44 S. Ct. 149 (1923); District of Columbia Court of
     Appeals v. Feldman, 103 S. Ct. 1303 (1983).

1  Plaintiff complains that DCSS agent Doe 2 represented Thibedeaux during court proceedings, but

2  refused to represent plaintiff on account of his gender.  (Complaint at 6.)  The Equal Protection

3  Clause of the Fourteenth Amendment" is essentially a direction that all persons similarly situated

4  should be treated alike."  <u>City of Cleburne v. Cleburne Living Center</u>, 105 S. Ct. 3249, 3254

5  (1985).  Plaintiff does not explain the nature of the proceedings or how he was similarly situated

6  to Thibedeaux, who presumably had physical custody of the child.   It is also unclear against

7  whom plaintiff is asserting his equal protection claim.

8

9  Furthermore, the Complaint is largely devoid of individualized allegations regarding

10  defendants other than Thibedeaux.[2]  To give each defendant the notice required by Rule 8(a),

11  plaintiff must "make clear connections between specific allegations and individual defendants."

12  <u>McHenry</u>, 84 F.3d at 1175.  Plaintiff must set forth, as to each defendant, "factual content that

13  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

14  alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.  Plaintiff protests in his Opposition that each of the County

15  Defendants had a direct involvement in his child support proceedings. (Opposition at 3.)  If that

16  is so, plaintiff must describe each defendant's "direct involvement" in his First Amended

17  Complaint.  He must clearly set forth which claims he is asserting against which defendant, and

18  he must allege a factual basis for each claim against each defendant.  <i>See</i> <u>Gottschalk v. City and

19  County of San Francisco</u>, 964 F. Supp. 2d 1147, 1156 (N.D. Cal. 2013) (complaint did not satisfy

20  Rule 8(a) when it did not clarify which claims were brought against which defendant and did not

21  articulate specific facts connecting each defendant with the facts underlying the applicable claims);

22  <u>Gauvin v. Trombatore</u>, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple

23  defendants in a single broad allegation did not satisfy Rule 8(a)).

24

25

26       [2]       Although defendant Thibedeaux has not yet appeared in this action, the Court notes
27  that plaintiff's allegations are also deficient as to her.  Thibedeaux is a private party.  To assert
   a Section 1983 claim against her, plaintiff must allege facts showing that she was acting under
28  color of state law.  <i>See</i> <u>Price v. State of Hawaii</u>, 939 F.2d 702, 707-09 (9th Cir. 1991).

1      The Court also notes that many of plaintiff's allegations are made simply against DCSS.

2 The County has appeared on behalf of DCSS, which is a County agency and thus is not a "person"

3 subject to suit under Section 1983. *See* Vance v. County of Santa Clara, 928 F. Supp. 993, 995-96

4 (N.D. Cal. 1996) (naming a municipal department instead of municipality as defendant in Section

5 1983 suit is not appropriate).   To allege a Section 1983 claim against the County, plaintiff must

6 allege not only a constitutional violation by DCSS employees or agents but also a policy, custom,

7 or practice of the County that was the "moving force" of the constitutional deprivation. Monell v.

8 Department of Social Services, 98 S. Ct. 2018, 2037-38 (1978); Villegas v. Gilroy Garlic Festival

9 Assn., 541 F.3d 950, 957-58 (9th Cir. 2008).   In other words, to allege a Section 1983 claim

10 against the County, plaintiff must allege facts showing that:  (1) DCSS employees or agents

11 violated his constitutional rights; and (2) they acted pursuant to a policy, custom, or practice of

12 the County when they did so.  The Complaint contains no such allegations.

13

14      The Court also notes that plaintiff cannot bring a mandamus action under 28 U.S.C. § 1361

15 to compel DCSS to take action against Thibedeaux for fraudulent collection of benefits, as he

16 purports to do.  (Complaint at 3, 8.)  That provision applies only to actions to compel "an officer

17 or employee of the United States or any agency thereof to perform a duty owed to plaintiff."  28

18 U.S.C. § 1361.   DCSS is not a federal agency, and none of the defendants federal officials.

19 Moreover, even if Thibedeaux is committing welfare fraud, plaintiff has no judicially enforceable

20 interest in having DCSS or any other agency institute proceedings against her.  *See* Linda R.S. v.

21 Richard D., 93 S. Ct. 1416, 1149 (1973) ("a private citizen lacks a judicially cognizable interest in

22 the prosecution or nonprosecution of another.); Thomas v. Chicago Housing Authority, 919 F.

23 Supp. 1159, 1164 (N.D. Ill. 1996) ("*Linda R.S.* applies to administrative action as well.")

24

25      Accordingly, for all of these reasons, the Court finds that the Complaint fails to comply with

26 Rule 8(a) of the Federal Rules of Civil Procedure and must be dismissed.

27 ///

28 ///

1    **II.      THE COMPLAINT IS DISMISSED WITH LEAVE TO AMEND.**

2

3        Defendants have brought this motion to dismiss under Rule 41(b) of the Federal Rules of

4    Civil Procedure as well as under Rule 8(a).  Fed. R. Civ. P. 41(b) provides that:  "If the plaintiff

5    fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

6    the action or any claim against it."  "Federal Rule of Civil Procedure 41(b) authorizes a district

7    court to dismiss a complaint with prejudice for failure to comply with Rule 8(a)."  Hearns v. San

8    Bernardino Police Dept., 530 F.3d 1124, 1129 (9th Cir. 2008) (citing Nevijel v. North Coast Life

9    Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981)).

10

11        Defendants do not expressly request that the Court dismiss this action with prejudice, but

12    presumably they have brought their motion under Rule 41(b), as well as under Rule 8(a), because

13    they seek dismissal of this action.  When an action is dismissed with prejudice under Rule 41(b)

14    for failure to comply with Rule 8(a), the plaintiff generally has received prior opportunities to

15    comply with Rule 8(a).  *See* Nevijel, 651 F.2d at 674; Seto v. Thielen, 519 Fed. Appx. 966, 969

16    (9th Cir. 2013) (affirming dismissal pursuant to Rule 41(b) for failure to comply with Rule 8 *and*

17    a court order, after plaintiffs "repeatedly failed to comply with the district court's orders directing

18    them to remedy the drastic shortcomings of their pleadings," and plaintiffs "were warned several

19    times that failure to comply with the district court's orders would result in automatic dismissal").

20    This is plaintiff's first complaint.  Although the Complaint undoubtedly violates Rule 8(a), a

21    dismissal with prejudice under Rule 41(b) at this stage would be excessively harsh.  *See* Nevijel,

22    651 F.2d at 674 (in reviewing dismissals under Rule 41(b) for failure to comply with Rule 8(a), the

23    Ninth Circuit looks to see whether the district court might have first adopted less drastic

24    alternatives, such as  further leave to amend).  The Court will give plaintiff an opportunity to file

25    a First Amended Complaint rectifying the deficiencies of this pleading.

26    ///

27    ///

28    ///

**ORDER**

For the foregoing reasons, defendants' motion to dismiss the Complaint is GRANTED, and the Complaint is DISMISSED WITH LEAVE TO AMEND.

If plaintiff wishes to pursue this action, he is granted 30 days from the date of this Memorandum and Order within which to file a First Amended Complaint that attempts to cure the defects in the Complaint described herein.  The First Amended Complaint, if any, shall be complete in itself.   It shall not refer in any manner to the original Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: December 11, 2014

Margaret A. Nagle

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

10